IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-747-GMS |
| | ) |
| CONTRACTED HEALTH SERVICES, | ) |
| WARDEN PHIL MORGAN, | ) |
| SGT. M. MOODY, RN PATRICIA | ) |
| ZERIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, James Hall ("Hall"), an inmate at the Howard R. Young Correctional

Center ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I.

1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the amended complaint

pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Hall was diagnosed with advanced gum disease in late 2006. While housed at the James

T. Vaughn Correctional Center ("VCC") he was treated by Dr. Kionka who ordered treatment for

his dental condition. Hall was transferred to the HRYCI. He alleges that he received no

treatment for fifty-five days and when he finally received treatment he remained in pain and was

unable to eat. Hall has been approved for dentures. Hall has filed a motion for a temporary

restraining order and preliminary injunction in addition to his amended complaint. (D.I. 1, 2, 8.)

The amended complaint adds as defendants Dr. Mann and Dr. Sheff. The are not listed on the

court docket. Therefore, the court will order the clerk of the court to add Drs. Mann and Sheff as defendants to the court docket.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide

-2-

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Hall is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Hall proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

Plaintiff alleges that the defendant Phil Morgan ("Morgan"), as warden of the HYRCI is responsible for providing him with timely and adequate medical treatment. Plaintiff alleges that, because of Morgan's policies, he has suffered pain in violation of his clearly established Eighth

-3-

Amendment rights. Hall alleges that Morgan learned of his medical deprivation through a report and appeal of plaintiff's medical grievances.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). " 'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d. Cir. 2005) (not published).

Additionally, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (not published) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and

-4-

administrators in the underlying deprivation). *See also Cole v. Sobina*, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); *Ramos v. Pennsylvania Dep't of Corr.*, 2006 WL 2129148 (M.D. Pa. July 27, 2006); *Jefferson v. Wolfe*, 2006 WL 1947721 (W.D. Pa. July 11, 2006). Nor does a prison officials' failure to respond to an inmate's grievance state a constitutional claim. *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998).

Hall's allegations against Morgan fall under the auspices of a respondeat superior theory. Moreover, it is evident from the pleadings that Morgan only became aware of plaintiff's medical condition after plaintiff submitted grievances. For the foregoing reasons, Hall's claim against Morgan lacks an arguable basis in law or in fact and, therefore, fails to state a cognizable § 1983 claim. The court will dismiss the claim as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B. Grievances

Hall filed grievances regarding his dental/medical condition. The defendant Sgt. M. Moody was the inmate grievance chairperson. Hall makes numerous allegations against Moody all regarding the grievance process. For example, he complains that Moody disregarded his grievances and did not forward his grievances.

The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not published). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser*, 138 F. App'x 414,

416 (3d Cir. 2005) (not published) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson*, 886 F.Supp. 410, 418-419 (D.Del.), *aff'd*, 74 F.3d 1226 (3d Cir.1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. *Hurley v. Blevins*, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D.Tex. Mar.28, 2005).

For the above reasons, Hall cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the allegations against Moody will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above stated reasons the court finds that the claims against the defendants Morgan and Moody are frivolous and fails to state a claim upon which relief may be granted. They will be dismissed as defendants. Hall will be allowed to proceed against the defendants Contracted Health Services, RN Patricia Zerin, Dr. Mann and Dr. Sheff. The remaining defendants will be directed to respond to Hall's motion for injunctive relief. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_Feb 10_ , 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HALL,<br><br>        Plaintiff,<br><br>     v.<br><br>CONTRACTED HEALTH SERVICES,<br>WARDEN PHIL MORGAN,<br>SGT. M. MOODY, RN PATRICIAN<br>ZERIN, | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 08-747-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

At Wilmington this 10th day of _Feb_, 2009 for the reasons set forth in the

Memorandum issued this date,

IT IS ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2. The Clerk of the Court is directed to add to the court docket Dr. Mann and Dr. Sheff

as defendants.

3. The claims against the defendants Warden Phil Morgan and Sgt. M. Moody are

**dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).  They are dismissed from this action.

4. The court has identified what appear to be cognizable medical needs claims within the

meaning of 28 U.S.C. § 1915A against the defendants Contracted Health Services, RN Patricia

Zerin, Dr. Mann, and Dr. Sheff.  The plaintiff is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

At the time the case was opened, Hall filed a motion for a temporary restraining open and preliminary with supporting declaration. (D.I. 1, 2.) The remaining defendants shall file a response to Hall's motion within **thirty days** from the date they are served. The remaining defendants shall also provide copies of Hall's pertinent dental/medical records with their responses.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for the **remaining defendants** Contracted Health Services, RN Patricia Zerin, Dr. Mann, and Dr. Sheff, as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, the plaintiff shall provide the court with one copy of the motion for a temporary restraining open and preliminary with supporting declaration (D.I. 1, 2) and amended complaint (D.I. 8) for service upon each remaining defendant and the chief deputy attorney general.** The plaintiff is notified that the United States Marshal will not serve the amended complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms and copies of the motion for injunctive relief, declaration, and amended complaint for each defendant and the chief deputy attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal

-2-

shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

6. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

-3-

7. **Note: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to

service will be dismissed without prejudice, with leave to refile following service. \*\*\*

Chief, United States District Judge